UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ANGELO MOISES LLAMOZAS PALACIOS,

Petitioner,

v.

CAPT. C. LINDSEY, Jail Administrator of the Jefferson County Jail; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, acting U.S. Attorney General, in their official capacities,

Respondents.

Case No. 4:26-cv-0466-AKB

**ORDER**

Pending before the Court is Petitioner Angelo Moises Llamozas Palacios's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 5). Petitioner claims that he is a Venezuelan national who has lived in the United States since March 27, 2024, after immigration officials released him into the country (*id.* ¶¶ 2, 12). Petitioner has a pending asylum application that was filed on October 18, 2024 (*id.* ¶ 21; Dkt. 5-2 at 1), and was granted work authorization by U.S. Citizenship & Immigration Services (Dkt. 1 ¶ 2). Immigration and Customs Enforcement (ICE) agents recently seized Petitioner on July 22, 2026 (Dkt. 1 ¶ 2). Petitioner is currently detained at the Jefferson County Detention Center in Rigby, Idaho (*id.*). Petitioner contends his

detention is unlawful because the Department of Homeland Security (DHS) has determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (*id.* ¶ 51). Petitioner has also filed an Amended Motion for Temporary Restraining Order (Dkt. 6).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court therefore orders Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (holding court may adjust habeas procedures based on "equitable and prudential considerations").

Judges in this District have repeatedly explained their disagreement with DHS's interpretation of § 1225, which is consistent with the majority of courts to address the issue. The Court sees no reason to revisit that analysis absent contrary binding authority. Nevertheless, the Court recognizes that each case is different, and thus justice is best served by allowing Respondents an opportunity to respond and explain why this case should result in a different outcome. The Court does not, however, need extensive briefing on the interplay between §§ 1225 and 1226, as the parties' respective positions are well established. Thus, a brief statement summarizing those arguments will suffice. The parties should instead focus their briefing on the specific facts of this case.

**ORDER**

**IT IS ORDERED that:**

1. Respondents shall file a response to the Amended Petition for Writ of Habeas Corpus (Dkt. 5) and to Petitioner's Amended Motion for Temporary Restraining Order (Dkt. 6) no later than **August 3, 2026**.

2. Petitioner shall have an opportunity to file a reply no later than **August 6, 2026**.

3. Service of the Petition and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **July 30, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: July 27, 2026

Amanda K. Brailsford
U.S. District Court Judge